Opinion of the Court,
by Ch. J. Boyle.
ner against Rees THIS was an action of covenant, brought by Buck-_ ' ~ The declaration alleges that Rees covenanted that Buckner should have the privilege of sowing small grain, at the usual time of doing so, on certain land in the covenant described, and assigns a breac shubstantially negativing the words of the covenant. Rees pleaded two pleas: 1st, That he had kept anc^ performed his covenant with the plaintiff; and 2dly, that the plaintiff had not kept and performed the covenant on his part to be kept and performed. To each of these pleas Buckner demurred, and the circuit court sustained the demurrers; and a writ of inquiry being awarded, and damages thereon assessed by the jury, a gna) judgment was entered therefor, to which Rees prosecutes this writ of error.
The errors assigned question as well the sufficiency 0f the declaration, as the correctness of the decision of ofcircuit court in sustaining the demurrers to the pleas.
We perceive no defect in the declaration. The on- ^ specific objection taken to it, is, that the breach is too general; but the general rule is, that a breach, as alleged in this case in the words of the covenant, is *329 sufficient. To this rule, there are. indeed, some exceptions; as where the law implies a covenant, although there is none expressed, or where, by the construction of law, the operation of the covenant is more restricted than the words of the covenant, in their usual import, would indicate, and perhaps in some other cases; but it is evident that this case does not come within the principle of any of the acknowledged exceptions to the general rule, and that the breach here, in the words the covenant, is sufficient.
A Plfia. that and performcd the cove^erTit a’. pear that f^r perform, is bad. ’
irl°t^e ative, in gen-terms, a nae,fts°perform ed, is good,
As to the correctness of the decision of the circuit court upon the demurrers to the pleas. The second plea is, no doubt, bad. The plaintiff’ had set forth no covenant to be performed, on his part, and the defendant had not craved oyer of the writing declared on; so that it did not appear that there was any covenant on fhe part of the plaintiff, to be performed'precedent the performance of the covenant on the part of the defendant; and consequently, the second plea, traversing the performance of the covenants to be performed on the part of the plaintiff, being a traverse of that which did not appear to exist, is wholly immaterial; of course, the court was correct in sustaining the demurrer to it.
To the first plea, however, we can see no objections. The covenant set forth in the declaration is in the affirmative, and the breach being assigned in general terms, a general plea of performance, without showing specially how it was performed, is sufficient. The objection which seems to have been taken to the plea in the circuit court, is, that it does not show what covenant on the part of the defendant had been performed. But as the declaration set forth but one covenant, and assigned a breach in that only, the plea must evidently he understood to refer to it, and not to any other which might be contained in the writing declared on. •
There is error, therefore, in the decision of the circuit court, in sustaining the demurrer of the plaintiff to the first plea of the defendant, and the judgment must be reversed with costs, and the cause be remanded, for new proceedings not inconsistent herewith.